**HLD-019 (October 2010)**

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3754
_____

IN RE:  CLAUDIO MONTERO,
                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of the Virgin Islands
(Related to D.V.I. Crim. No. 01-cr-00195)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 29, 2010
Before:  MCKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges
(Opinion  filed:  March 8, 2011)
_____

OPINION
_____

PER CURIAM.

        Claudio Montero, a prisoner proceeding *pro se*, petitions this Court for a

writ of mandamus.  He requests that we compel the District Court to rule on his pending

motions under 28 U.S.C. § 2255 and Federal Rule of Criminal Procedure 41(e), or that

we issue a declaratory judgment in his favor.  For the reasons that follow, we will deny

the petition.

1

I

In 2002, Montero was convicted of possessing cocaine base (crack) with intent to distribute and related charges. He received concurrent terms of 130 months' imprisonment and 48 months' imprisonment. Montero appealed his conviction, and we affirmed. See United States v. Montero, 121 F. App'x 929 (3d Cir. 2004). Montero's sentence was later amended to concurrent terms of 120 months' imprisonment and 48 months' imprisonment, followed by five years' supervised release. He also received credit for time served and a fine of $250. He filed a direct appeal from the amended sentence, but voluntarily withdrew the appeal in November 2008.

Then, in January 2009, Montero filed in the District Court a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. D. Ct. Doc. No. ("Doc. No.") 329. Magistrate Judge Barnard ordered Montero to show cause why the motion should not be dismissed as time-barred. Doc. No. 333. Montero filed a timely response. Doc. No. 335. Three months later, in May 2009, Montero filed a supplemental response to the Magistrate Judge's order. Doc. No. 336. Nearly a month later, Magistrate Judge Barnard ordered the Government to respond to Montero's responsive filings. Doc. No. 338. The Government complied with that order. Doc. No. 339.

In July 2009, Montero filed a motion under Federal Rule of Criminal Procedure 41(e) for the return of a car that was seized after his arrest. Doc. No. 340. Between then and September 2009, the parties filed responsive pleadings regarding that

2

motion.  However, the District Court had not yet adjudicated the motion when Montero filed this petition.

In December 2009, Montero filed a supplemental memorandum alerting the District Court that his § 2255 motion had not been considered.  Doc. No. 345.  Again, the District Court took no action.  In May 2010, Montero filed another request that the District Court consider his § 2255 motion.  Nearly four months later, Magistrate Judge Miller[1] issued an order concluding that Montero's § 2255 motion was timely and directing the Government to respond to the motion within 60 days.  Doc. No. 347. Montero then filed this mandamus petition.

II

The thrust of Montero's petition is that, because he expects to be released from prison in a few months, the District Court's failure to consider his § 2255 motion before his release will result in his having served the entirety of a prison sentence for a conviction he believes is unconstitutional.  He takes particular issue with the 60-day period afforded to the Government to respond to his § 2255 motion, and expresses his concern that the Government may obtain from the District Court additional time to respond, thus further delaying the proceedings.  Montero also complains that the District Court has taken no action on his Rule 41(e) motion, which has been pending since September 2009.

---

[1]  Magistrate Judge Miller filled the seat left vacant when Magistrate Judge Barnard retired in March 2010.

Mandamus is an "extraordinary remedy" that we award only when a petitioner demonstrates, among other things, a "clear and indisputable" right to relief. In re: Pressman-Gutman Co., 459 F.3d 383, 398-99 (3d Cir. 2006). Mandamus lies only when there is no other remedy to obtain the relief sought. See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 309 (1989). Although the manner in which the District Court controls its docket is discretionary, see In re: Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), a court of appeals may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). We note our concern that the District Court did not take any substantive action on Montero's motions, particularly his § 2255 motion, for more than a year. However, the District Court ruled on September 7, 2010 that the § 2255 motion was timely and directed the government to respond. We are confident that the District Court will continue to move the litigation forward without further delay. Montero's concern that the District Court will grant the Government another extension of time to respond to his § 2255 motion is speculative and thus does not establish that Montero has a "clear and indisputable" right to relief.

Mandamus relief is not available as to Montero's request that we enter a judgment in his favor with regard to his § 2255 motion. Authority to entertain a § 2255 motion is vested in the district courts, see § 2255(a), and Montero cannot resort to mandamus as a substitute for an appeal from any adverse decision the District Court may

4

make.  See In re: Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 379 (3d Cir. 2005).  For the same reason, Montero cannot resort to mandamus to seek the return of his seized vehicle.

Accordingly, we will deny Montero's petition.